UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF FELIX YONGBOK LEE,<br><br>Applicant. | Case No. 25-mc-80263-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782; AND TERMINATING AS MOOT EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF *EX PARTE* APPLICATION**<br><br>[Re: ECF 1, 4] |

Before the Court is the *ex parte* application of Felix Yongbok Lee ("Applicant") for leave to take discovery from X Corp. ("X") pursuant to 28 U.S.C. § 1782, for use in civil defamation proceedings he has filed in the Republic of Korea. *See Ex Parte* Applic., ECF 1. The Court finds the *ex parte* application to be suitable for disposition without a hearing. *See* Civ. L.R. 7-1(b). The application is GRANTED for the reasons discussed below.

Applicant also has filed an emergency motion for expedited consideration of the e*x parte* application to take discovery. *See* Emergency Motion, ECF 4. In light of the present order granting the *ex parte* application, the emergency motion is TERMINATED AS MOOT.

I.  BACKGROUND

Applicant resides in the Republic of Korea. *See* Lee Decl. ¶ 2, ECF 1-1. He is a singer in the South Korean boy band Stray Kids. *See id*. Applicant claims that an X user ("User") posted defamatory and insulting posts about him on the X platform. *See id*. ¶¶ 4-6. The posts state that Applicant treats staff members as servants and acts as though he is a prince. *See id*. Applicant has suffered mental distress, physical stress, and harm to his reputation as a singer as a result of

the posts. *See id.* ¶ 7. Applicant has filed a civil defamation lawsuit against User in the Seoul Eastern District Court in the Republic of Korea. *See id.* ¶ 8. However, Applicant has been unable to proceed with the lawsuit because he has been unable to identify the true identity of User. *See id.* ¶¶ 9-12. Unless he can discover the identity of User, Applicant will not be able to pursue his civil case. *See id.*

Applicant asks this Court to authorize the service of a subpoena on X to discover personal identifying information ("PII") regarding User.

## II.     LEGAL STANDARD

In relevant part, § 1782 provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

As construed by the Supreme Court, § 1782 "authorizes, but does not require" a district court to permit discovery for use in a foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

"[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at 926 (citing *Intel*, 542 U.S. at 264-65). "This discretion is guided by the Supreme Court's articulation in *Intel* of four non-exclusive factors: (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding;' (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or

2

the court or agency abroad to U.S. federal-court judicial assistance;' (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;' and (4) whether the discovery requests are 'unduly intrusive or burdensome.'" *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir. 2024) (quoting *Intel*, 542 U.S. at 264-65).

It is common for § 1782 applications to be considered on an *ex parte* basis, as "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quotation marks and citation omitted); *see also In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis.").

### III. DISCUSSION

#### A. Statutory Requirements

Applicant satisfies the three statutory requirements of § 1782.

With respect to the first requirement, that the respondent be found in the district, a number of courts in this circuit have held that a company's maintenance of an office in a judicial district is sufficient, whether or not the office is the company's principal place of business. *See, e.g., In re R.D. Project Dev. B.V.*, No. 24-MC-80287-DMR, 2025 WL 1397507, at *3 (N.D. Cal. May 14, 2025) (discussing first statutory requirement that respondent be "found" in the district where court sits). The undersigned concluded in a prior case that, "For purposes of § 1782, a company is 'found' in a district where it maintains an office, even where the office is not its headquarters." *In re HP Inc.*, No. 24-MC-80120-BLF, 2024 WL 3447525, at *3 (N.D. Cal. July 16, 2024). In the present case, Applicant submits the declaration of his counsel, Kyongsok Chong, stating that X maintains offices in San Jose, California and Palo Alto, California, both in this judicial district. *See* Chong Decl. ¶¶ 6-7, ECF 1-2. Accordingly, the Court finds the first statutory requirement to be met.

The second requirement, that the discovery is for use in a foreign proceeding, is satisfied

here because Applicant seeks the discovery to aid in litigating a case pending in Korea. *See* Lee Decl. ¶¶ 9-12. Other courts in this district have found this statutory requirement satisfied where the applicant seeks discovery from X to aid in foreign litigation. *See In re Bleach, Inc.*, No. 24-MC-80021-PCP, 2024 WL 1898450, at *2 (N.D. Cal. Apr. 30, 2024).

With respect to the third requirement, that the application be made by a foreign tribunal or any "interested person," a litigant in the foreign proceeding is an "interested person" for purposes of § 1782. *See Intel*, 542 U.S. at 256. As discussed herein, Applicant brought the Korean action for which he seeks the discovery at issue here.

The Court next considers whether the discretionary *Intel* factors are satisfied.

### B.     Discretionary *Intel* Factors

The first *Intel* factor asks whether the respondent is a participant in the foreign action. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. X is not a party to the Korean case, and therefore is outside the Korean court's jurisdictional reach. *See* Chong Decl. ¶ 18.

Under the second *Intel* factor, the district court "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Applicant's counsel states that: "Based upon my experience as an attorney licensed to practice law in the Republic of Korea, civil courts of the Republic of Korea are receptive to assistance in discovery by United States federal courts, including discovery of PII of individuals publishing anonymous online statements." Chong Decl. ¶ 20. Counsel's statement is sufficient to satisfy the second *Intel* factor.

The third *Intel* factor asks whether the request for discovery is an attempt to circumvent restrictions or policies of the foreign country or the United States. *See Intel*, 542 U.S. at 265. Attorney Chong indicates that Applicant is not attempting to circumvent any restrictions or policies under the laws of Korea or the United States. *See* Chong Decl. ¶ 21.

The fourth *Intel* factor asks whether the requested discovery is unduly intrusive or

4

burdensome.  *See Intel*, 542 U.S. at 265.  The Court finds that the subpoena Applicant wishes to serve on X is narrowly tailored to obtain information necessary to identify and litigate against User.  Other courts in this district have allowed service of similar subpoenas against X.  *See In Re Bleach*, 2024 WL 1898450, at *2.

Having considered the four *Intel* factors, the Court in the exercise of its discretion finds it appropriate to grant the present application.

## IV.  ORDER

(1) The *ex parte* application for leave to take limited discovery from X pursuant to 28 U.S.C. § 1782 is GRANTED.

(2) Applicant IS AUTHORIZED to issue and serve on X a subpoena for production of documents that is substantially similar to the proposed subpoena attached to the *ex parte* application as Exhibit A.

(3) Applicant SHALL serve a copy of this order, all underlying papers, and the authorized subpoena on X.

(4) The emergency motion for expedited consideration of the *ex parte* application is TERMINATED AS MOOT.

(5) This order terminates ECF 1 and 4.

(6) The Clerk shall close the file.

(7) The Court retains jurisdiction over this matter.

Dated:  September 5, 2025

_____
BETH LABSON FREEMAN
United States District Judge